**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Refugio GALLEGOS–VALDIVIAS,
Defendant–Appellant.**

**No. 10–10296.**

United States Court of Appeals,
Ninth Circuit.

---

Submitted June 15, 2011.*

Filed June 29, 2011.

Allison Marston Danner, Assistant U.S. Attorney, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Loren Dougherty Stewart, Federal Public Defender, San Francisco, CA, for Defendant–Appellant.

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

MEMORANDUM **

Refugio Gallegos–Valdivias appeals from the 57–month sentence imposed following his guilty-plea conviction for reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gallegos–Valdivias contends, first, that the district court miscalculated or overstated his Criminal History Category when it imposed two points under U.S.S.G. § 4A1.1(d). Gallegos–Valdivias does not dispute that he was under a criminal justice sentence at the time that he violated section 1326; rather, he disputes the validity of that sentence. His argument fails because he cannot attack his state parole suspension or revocation collaterally in a federal sentencing proceeding. *See Unit-*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ed States v. Burrows, 36 F.3d 875, 884–86 (9th Cir.1994).

Next, he contends that the district court's statements at sentencing did not adequately address his various arguments in favor of a lower sentence. The record reflects that the district judge considered the parties' arguments at sentencing and had a "reasoned basis for exercising his own legal decisionmaking authority." *See United States v. Carty,* 520 F.3d 984, 996 (9th Cir.2008) (en banc) (internal quotations omitted).

■ Finally, Gallegos–Valdivias challenges section 2L1.2(b)(1)(A)'s 16–level enhancement as unreasonable and lacking in empirical foundation and argues that its application in his case resulted in a substantively unreasonable sentence in view of the age of his triggering offense. These contentions are also without merit. Application of the enhancement "serve[d] the legitimate [Congressional] interest of deterring illegal reentry by those who have committed drug-related" crimes, *see United States v. Ruiz–Chairez,* 493 F.3d 1089, 1091 (9th Cir.2007), and the Guidelines sentence imposed was reasonable under 18 U.S.C. § 3553(a) and the totality of the circumstances, which reveals a pattern of illegal reentry and drug crime, *see Carty,* 520 F.3d at 993.

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.